# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-3033**　　　　　　　　　　　　　　　　**September Term, 2020**

　　　　　　　　　　　　　　　　　　　　　　　　**1:21-cr-00222-TFH-1**

　　　　　　　　　　　　　　　　　　　　　　**Filed On:** July 26, 2021

United States of America,

　　　　Appellee

　　v.

Julian Elie Khater,

　　　　Appellant


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

　　**BEFORE:**　　Millett, Wilkins, and Jackson, Circuit Judges

## J U D G M E N T

　　This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36.  It is

　　**ORDERED AND ADJUDGED** that the district court's pretrial detention order entered on May 12, 2021, be affirmed.  Appellant contends that the district court misapplied our decision in United States v. Munchel, 991 F.3d 1273 (D.C. Cir. 2021), by making a categorical finding, based solely on the nature of the offense charged (assaultive conduct on January 6), that no conditions of release could ever mitigate the per se prospective threat that such a defendant poses.  If the district court had proceeded in that fashion and applied some sort of non-rebuttable presumption of future dangerousness in favor of detention, it would have been legal error.  See id. at 1283 ("Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant.  The inquiry is factbound.") (quoting United States v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990)).  However, while the district court stated, "Munchel delineates an elevated category of dangerousness applied [to] those that fall into the category that necessarily impose a concrete prospective threat," the district court also explained, "I think Munchel does not set a hard-line rule.  I don't think that the categories are solely determinative, but it creates something like a guideline for the Court to follow . . . ." Detention Hr'g Tr. at 42:21-24; 43:11-13, ECF No. 26 (emphasis added).  In making its

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-3033**                                                          **September Term, 2020**

ruling, the district court discussed at length the facts of this case, and expressly noted that "we have to decide whether the defendant is too dangerous based upon that conduct to be released or is not," "every circumstance is different in every case, and you have to look at individual cases," and that "the government may well not overcome the concrete and clear and convincing evidence requirement." Id. at 43:8-10, 43:16-18, 43:20-21. Based on our careful review of the record, we find that the district court made an individualized assessment of future dangerousness as required by the Bail Reform Act and that appellant has not shown that the district court applied an irrefutable presumption of mandatory detention in contravention of the statute and our precedent.

Nor has appellant shown that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of the community. See Munchel, 991 F.3d at 1282. As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Id. at 1284. In this case, the district court found that, in contrast to the appellants in Munchel, appellant actually engaged in violence at the Capitol on January 6. Specifically, the district court found that appellant, without provocation, coolly walked up to police officers and assaulted them, twice, with a chemical spray–one of whom was "standing there with no gear protecting her face." Detention Hr'g Tr. at 35:20-36:4, 57:7-8, 58:12-19. The district court determined that the violent assaults appellant committed disabled at least three officers and those who had to care for the disabled officers, leaving holes in their protection. Id. at 50:13-17. In addition, the district court found that appellant contributed to the crowd's ability to breach the police line in front of the Capitol, id. at 51:4-10, and engaged in some level of prior planning and coordination, id. at 47:15-20. The evidence of planning and coordination is corroborated by what appellant's co-defendant said when appellant asked to retrieve bear spray from the co-defendant's backpack: "hold on, hold on, not yet, not yet … it's still early." Video Exhibit 5.

In light of these findings, the district court explained that "at a point of violently assaulting police officers, multiple officers, it seems to me that the defendants are showing themselves to be a danger to the community," Detention Hr'g Tr. at 56:18-21; "I will not find that the proposed condition of release would adequately mitigate the danger posed to the community given the seriousness of the conduct and the disregard for law enforcement that this conduct demonstrates," id. at 56:24-57:3; and that "I don't see how the bond guarantees anything in the nature of protecting the community if this activity that generated this occurs again," id. at 57:23-25. Given the violent nature of appellant's assault on law enforcement on January 6, which evidences a flagrant

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-3033**                                              **September Term, 2020**

disregard of legal authority and disrespect for law enforcement, in addition to the district court's findings that appellant had engaged in some level of prior planning and coordination and ultimately contributed to the breach of the Capitol, the district court's ruling that no condition or combination of conditions of release could reasonably safeguard the community from the danger posed by appellant does not leave us "with the definite and firm conviction that a mistake has been committed." Munchel, 991 F.3d at 1282 (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                  **FOR THE COURT:**
                                  Mark J. Langer, Clerk

BY:   /s/
        Daniel J. Reidy
        Deputy Clerk